UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>JOSHUA HOWLAND, )<br>    Defendant. ) | Docket No. 2:20-mj-00119 |

**MOTION FOR DETENTION**

NOW COMES the United States of America, by and through its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, and moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f). Howland appears before this Court pending his transfer to Missouri to face the charges against him.

1. <u>Eligibility for Detention</u>.  This defendant is eligible for detention because he presents a danger to the community and a serious risk of nonappearance, and because this case involves a "crime of violence" as defined in 18 U.S.C. § 3156(a)(4)(C).

2. <u>Reason For Detention</u>.  The Court should detain the defendant because there are no conditions of release which will reasonably assure his appearance as required and the safety of the community.

The defendant is a danger to the community because he is sexually interested in children and is willing to violate the law to further that interest.  Specifically, he is a dedicated consumer of images and videos depicting the sexual abuse of children.  But he is more than a simple consumer.  He became a member of "Website A," which was an online community of like-minded child pornography enthusiasts.  This website operated over a network designed to facilitate anonymous communication over the internet, and on this website, community members

1

openly discussed their pedophilic sexual preferences and advertised and distributed images of child sexual abuse. The existence and activities of this community normalized its members' sexual interest in children. The defendant advertised and distributed child pornography to other members of this community, he encouraged them to distribute child pornography, and he eventually ascended to a leadership position in which he helped curate the community and enforce its rules.

The case against the defendant is strong. When law enforcement executed a search warrant at his home, it seized clear evidence of his involvement with Website A and with child pornography. This evidence included child pornography files and computer forensic evidence containing the defendant's Website A username. The defendant also later made statements to medical personnel confirming his longstanding addiction to child pornography.

In addition to victimizing children by consuming and trafficking in images of their sexual abuse, the defendant also victimized women in real time by secretly filming them while they were fully or partially naked. Law enforcement identified the defendant in part because he posted links on Website A to pictures depicting the naked bodies of two young women known to him. The defendant took these photos with a "spy camera" and without his victims' knowledge. One of these victims was under the age of 18 at the time he secretly photographed her naked body. When law enforcement executed a search warrant at his home, it discovered the spy camera as well as depictions of at least one other partially nude woman whom the defendant appears to have secretly recorded.

The defendant also presents a serious risk of nonappearance. He faces the prospect of a lengthy prison sentence, which carries a powerful incentive to flee. The offense with which he has been charged carries a mandatory minimum sentence of 15 years in prison and the possibility

of up to 30 years in prison. He will very likely be indicted on additional, possibly more serious charges. A trial on these charges would also publicly expose the defendant as having highly stigmatized sexual desires, which compounds his incentive to flee from justice.

In addition, the defendant will stand trial in Kansas City, Missouri, far from his home in Vermont. The United States is aware of no meaningful ties he has to the community where he must appear in court. Making appearances as required in the United States District Court for the Western District of Missouri would require substantial travel and expense, which in turn increases the likelihood of nonappearance.

Finally, the defendant poses a serious risk of self-harm. Indeed, he has specifically thought about killing himself because he was discovered by law enforcement. One day after law enforcement agents executed a search warrant at his apartment, the defendant reported to a local hospital because of suicidal ideations, including thoughts of specific methods of committing suicide. Law enforcement arrested him shortly after his discharge from the hospital. Detention is thus further warranted to protect the defendant from himself and to ensure that he appears in court to face his charges.

3. <u>Rebuttable Presumption</u>. The United States will not invoke the rebuttable presumption against defendant under § 3142(e).

4. <u>Time For Detention Hearing</u>. The United States requests the court conduct the detention hearing at first appearance to facilitate his transfer.

Howland should be detained pending his transfer to face charges in the Western District of Missouri.

Dated at Burlington, Vermont, this 13th day of October 2020.

                                        CHRISTINA E. NOLAN
                                      United States Attorney

By:    */s/ Eugenia A. P. Cowles*
        EUGENIA A.P. COWLES
        Chief, Criminal Division
        U.S. Attorney's Office
        P.O. Box 570
        Burlington, VT 05402
        (802) 951-6725
        Eugenia.Cowles@usdoj.gov