# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>JOSHUA HOWLAND,<br><br>          Defendant. | Case No. 20-06007-01-CR-SJ-DGK |

## CONSENT MOTION FOR DISCOVERY PROTECTIVE ORDER

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, Alison D. Dunning and David Luna, Assistant United States Attorneys for the Western District of Missouri, Defendant, JOSHUA HOWLAND, and Defendant's attorney, Willis Lee Toney, hereby move for entry of a Discovery Protective Order.

The Defendant HOWLAND was charged by Superseding Indictment on January 5, 2021, with conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d) and (e), and conspiracy to distribute and receive child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). The investigation of the Defendant concerned the Defendant's involvement with a website dedicated to child pornography, as well as the users of the website, who are subject to ongoing investigation.

Discovery materials the government intends to produce pursuant to its discovery obligations under Federal Rule of Criminal Procedure 16 include law enforcement sensitive items related to the ongoing investigation of investigative targets suspected of engaging in online child sexual exploitation. The dissemination of the government's investigative materials, including search warrant affidavits, reports of investigation, witness statements, court orders, and seized electronic data, and the information contained therein, could seriously jeopardize those continuing investigations.

The government requests that the Discovery Protective Order require that the Defendant's litigation and investigative team be prohibited from copying discovery material in any fashion,

including paper or electronic reproduction, or disseminating it to anyone outside Defendant's litigation and investigative team. As proposed in the Protective Order, the Defendant's litigation and investigative team are free to review and otherwise work with discovery material in their offices, but copies of the discovery material may not be given to the Defendant to keep and retain anywhere outside those offices. The Defendant may review discovery in his detention facility pursuant to approved district procedure, more specifically: the defendant can obtain and check-out the discovery made available to him by his attorney, Willis Lee Toney, and review it in a room and on a computer provided by the detention facility and approved by the United States Attorney's Office, but he may not retain, copy or disseminate the materials to anyone and may not permit anyone other than members of his litigation and investigative team to review it, and the Defendant must return all discovery materials to detention facility staff at the conclusion of his review session. The Defendant's attorney will ensure the defendant understands the terms of the Discovery Protective Order, and that the Defendant knows he is bound by the terms of the Discovery Protective Order, before the Defendant is provided access to discovery materials. The Defendant's attorney, or other member of his litigation team, will attach a copy of the Order to the discovery when it is made available to the Defendant. Further, defense counsel and the Defendant's litigation team shall return materials produced in discovery to the United States Attorney's Office within 10 days upon conclusion of the case before this Court, or, if an appeal is taken, upon completion of such an appeal.

The Defendant's attorney is also required to give a copy of this Protective Order to any individuals not directly employed by Willis Toney's Law Firm who are engaged or consulted to assist in the defense of this case. Such individuals must agree in writing to be bound by the terms of this Protective Order before receiving any discovery material in this case, and the Defendant's attorney will keep a list of all such individuals who have agreed in writing to be bound by the terms of this Protective Order.

Any materials produced in discovery, or information contained therein, that are filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

Any violation of any term or condition of the Proposed Order by the Defendant, the Defendant's attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Western District of Missouri or the U.S. Department of Justice, Criminal Division, may be sanctioned by contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

This Motion and the proposed Protective Order is submitted for the purpose of ensuring that law enforcement sensitive information contained in discovery materials are not disseminated to third parties. For these reasons, the United States and Defendant HOWLAND request this Court to authorize the proposed Discovery Protective Order.

Dated this 25th day of January, 2021.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By */s/Alison D. Dunning*
Alison D. Dunning
David Luna
Assistant United States Attorneys
Charles Evans Whittaker Courthouse
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

And

*/s/ Willis Lee Toney*
Willis Lee Toney
Attorney for Defendant, Joshua Howland
4609 Paseo Boulevard, Suite 103
Kansas City, Missouri 64110
Telephone: (816) 924-3000