# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-06007-01/03-CR-SJ-DGK |
| | ) | |
| RYAN NEAL MONTGOMERY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On March 17, 2021, the grand jury returned a second superseding indictment charging Defendants Joshua Howland, Ryan Neal Montgomery and John Jason Vails with one count of conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d) and (e); and one count of conspiracy to distribute and receive child pornography in violation of 18 U.S.C. § 2252A(a)(2). Doc. 77. The indictment also seeks forfeiture of any visual depiction described in 18 U.S.C. §§ 2251 or 2252A; any property constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property used or intended to be used to commit or promote the commission of such offenses. *Id.* at 2-3.

On January 7, 2022, counsel for Defendant Montgomery filed a motion seeking a continuance of the February 14, 2022 trial setting. Doc. 127. According to defense counsel, discovery in this matter "consists of over 4000 pages of documents that need to be reviewed in order to prepare for trial and adequately advise the defendant of the most reasonable course of action." *Id*. at 1. Further, counsel states expert assistance "may also be needed to digest the evidence in this matter as it pertains to IP addresses. . ." *Id*. Counsel avers the "potential sentences pursuant to the guidelines in this matter are extremely high" and he requires additional time to "discuss and review with [Defendant]." *Id*. Additionally, defense counsel states that due to a

medical situation in his family, he has been unable to "devote the time necessary to adequately prepare for trial. . ." *Id*. at 1-2. Defense counsel requests a continuance to the Joint Criminal Trial Docket scheduled to commence in June 2022. *Id*. at 2. The motion indicates that counsel for the Government has no objection to the continuance request. *Id*. Further, the motion states that counsel for Defendant Howland has no objection to the motion.[1] *Id*.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

In light of counsel's need for additional time to review the extensive discovery with Defendant, retain expert assistance related to IP addresses, and discuss the potential sentencing guidelines with Defendant, the Court finds it would be unreasonable to expect counsel to prepare this case for trial prior to February 14, 2022 and thus, would deny Defendant a right to effective assistance of counsel. Upon consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. The Court, in ordering this case removed from

---

[1] Defendant Vails entered a change of plea before the undersigned on October 20, 2021 (Doc. 115) and is currently awaiting sentencing. As such, his position on the continuance request was not obtained.

the February 14, 2022 Joint Criminal Jury Trial Docket, is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(C).

For these reasons, it is

ORDERED that Defendant Montgomery's motion to continue (Doc. 127) is **GRANTED**. This case is removed from the February 14, 2022 Joint Criminal Jury Trial Docket and is set for trial on the Joint Criminal Jury Trial Docket that commences on June 6, 2022.  It is further

ORDERED that a pretrial conference is set for May 19, 2022 at 9:30 a.m. in Courtroom 6D.  It is further

ORDERED that the time between the date of this Order and June 17, 2022, which is the last day of the June 6, 2022 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h).

**IT IS SO ORDERED.**

DATE: January 10, 2022                    ___/s/ *W. Brian Gaddy*_____
                                          W. BRIAN GADDY
                                          UNITED STATES MAGISTRATE JUDGE

3