IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 20-06007-01/03-CR-SJ-DGK ) |
| RYAN MONTGOMERY, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

On March 17, 2021, the grand jury returned a second superseding indictment charging Defendants Joshua Howland, Ryan Neal Montgomery, Thomas Davis Moore, Jr., and John Jason Vails with conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d) and (e); and conspiracy to distribute and receive child pornography in violation of 18 U.S.C. § 2252A(a)(2). Doc. 77. The indictment also seeks forfeiture of any visual depiction described in 18 U.S.C. §§ 2251 or 2252A; any property constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property used or intended to be used to commit or promote the commission of such offenses. *Id.* at 2-3.

During their arraignments in April 2021, the Court reminded Defendants Howland and Montgomery that they were set for trial on the November 1, 2021 Joint Criminal Jury Trial Docket.[1] *See* Docs. 49, 81-82. In October 2021, defense counsel for Defendant Montgomery moved to continue the trial setting. Doc. 109. The Court granted the motion, and this matter was set on the February 14, 2022 Joint Criminal Jury Trial Docket. Doc. 110. Also in October 2021,

---

[1] The Court dismissed Defendant Moore's charges on November 8, 2021, and sentenced Defendant Vails on May 26, 2022. Docs. 123-24, 147. As such, this order only addresses the procedural history of Defendants Howland and Montgomery.

Defendant Montgomery retained new counsel, and Ms. Angela Hasty was granted leave to withdraw. Docs. 116-20.

In January 2022, Defendant Montgomery's newly retained counsel moved to continue the trial setting. Doc. 127. The Court granted the motion, and set this matter for the June 6, 2022 trial docket. Doc. 129. Less than two weeks later, Defendant Howland filed a motion to remove counsel. Doc. 130. The Court held an attorney appointment hearing on February 10, 2022, and, after discussion with the parties, granted Defendant Howland's request for new counsel. Doc. 136. Preston Jones was appointed as defense counsel that same day. Doc. 137. In May 2022, December 2022, and February 2023, defense counsel moved to continue the trial setting. Docs. 143, 154, 164. The Court granted the motions, and this matter is currently set for the July 17, 2023 trial docket. Docs. 144, 155, 165.

Also in February 2023, defense counsel filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant Montgomery's mental competency to stand trial. Doc. 159. On February 13, 2023, the Court granted counsel's motion, and directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b). Doc. 160. The Court received a forensic evaluation report on April 24, 2023 wherein Dr. Cynthia Low concluded Defendant Montgomery was competent to proceed. Doc. 179. After a competency hearing held on May 12, 2023, the undersigned issued a report recommending Defendant Montgomery be found competent to proceed. Docs. 187-88, 190.

On May 15, 2023, defense counsel for Defendant Montgomery filed the pending motion to continue. Doc. 191. Therein, counsel states the discovery "consists of over 4000 pages of documents that need to be reviewed in order to prepare for trial and adequately advise the defendant of the most reasonable course of action." *Id*. at 1. Furthermore, "[e]xpert assistance

may also be needed to digest the evidence in this matter as it pertains to IP addresses and so forth." *Id*. Counsel avers the "potential sentences pursuant to the guidelines in this matter are extremely high and counsel needs more time to discuss and review with the client." *Id*. at 2. Counsel also states there "is [a] limited number of days available for all parties to come together to address the Defendant's motion to suppress as well as attend a final pretrial conference hearing prior to the scheduled trial dates considering the schedules of all counsel involved in this case." *Id*. at 2-3. "Additionally, all parties are running into difficulties coordinating a date for the suppression hearing that will work with the schedules of all the necessary witnesses prior to the scheduled trial dates." *Id*. at 3. Counsel requests a continuance to the October 30, 2023 Joint Criminal Jury Trial Docket.[2] *Id*. According to the motion, Government counsel does not oppose the requested continuance. *Id*. Furthermore, counsel has "conferred with Preston Jones who represents the co-defendant (Joshua Howland) in this matter," who advised Defendant Howland "has no objection to the continuance of the trial in this matter." *Id*.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the

---

[2] According to defense counsel, "[t]he consensus of the parties is that a continuance to the November 6, 2023 trial docket will provide sufficient time to address all the pending issues before this court prior to the commencement of trial." Doc. 191 at 3. The Court does not have a Joint Criminal Jury Trial Docket beginning on November 6, 2023. Instead, the first day of that trial docket is October 30, 2023. Defense counsel requests a November 6, 2023 setting because "local counsel is already scheduled for a federal trial in this district on the October 30 trial docket." *Id*. Accordingly, counsel is "seeking adjourning this matter to the October 30 trial docket with a request for setting on the week of November 6, 2023 as a preference." *Id*. After the pretrial conference in this matter, the undersigned will advise Chief Magistrate Judge David Rush of the parties' preference for a second week setting. The parties are reminded, however, that this preference cannot be guaranteed, and preparation should be done for either trial week.

3

best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

In light of witness and counsel availability, and counsel's need for additional time to review the voluminous discovery, evaluate whether expert assistance is required, review the potential sentences with Defendant Montgomery, and litigate the pending Motion to Suppress (Doc. 172), the Court finds it would be unreasonable to expect counsel to prepare this case for trial prior to July 17, 2023, and thus, would deny Defendant a right to effective assistance of counsel. Upon consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. The Court, in ordering this case removed from the July 17, 2023 Joint Criminal Jury Trial Docket, is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(C).

For these reasons, it is

ORDERED that Defendant Montgomery's Motion to Continue (Doc. 191) is **GRANTED**.[3] This case is removed from the July 17, 2023 Joint Criminal Jury Trial Docket and is set for trial on the Joint Criminal Jury Trial Docket commencing on October 30, 2023. **The Court presumes this is a realistic trial setting given the nature of the offenses alleged in this matter, and how long this matter has been pending. Absent extenuating circumstances, additional requests to continue the trial are unlikely to be granted.** It is further

ORDERED that the time between the date of this Order and November 9, 2023, which is

---

[3] Counsel's motion also seeks a "120-day Ends of Justice Continuance of the . . . pretrial motion deadline[ ]." Doc. 191 at 4. Pursuant to the Court's Scheduling and Trial Order entered January 12, 2021, pretrial motions were due June 18, 2021. Doc. 49 at 2. Should counsel desire to file any additional out-of-time pretrial motions, a motion for leave complying with the requirements of Rule 12(c)(3), prevailing Eighth Circuit standards, and the Court's Local Rules shall be filed.

the last day of the October 30, 2023 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h). It is further

ORDERED that counsel's previously filed Motion to Reschedule the Pretrial Conference (Doc. 186) is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATE: May 16, 2023                          /s/ *W. Brian Gaddy*
                                                           W. BRIAN GADDY
                                                           UNITED STATES MAGISTRATE JUDGE